UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIREMAN'S FUND INSURANCE CO., et al,

    Plaintiffs,

vs.                                          Case No.  3:11-cv-1241-J-37MCR

LANDSTAR RANGER, INC.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant/Third Party Plaintiff, Landstar Ranger, Inc.'s Amended Motion for Entry of Default against Third Party Defendant, Got Your Back Pilot Cars, LLC (Doc. 30) filed August 23, 2012.  Rule 55(a), Federal Rules of Civil Procedure, provides for entry of clerk's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."

In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of filing the action as required by Rule 4(m).  See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding "service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.") (citations omitted).  Rule 4(h) of the Federal Rules of Civil Procedure requires service of process be made upon a corporation by: (1) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;" or (2) following the state law for serving a summons in the state where the district court is located or where service is made, as prescribed in Rule 4(e)(1). Rule 4(h)(1), Fed.R.Civ.P. Here, while the proof of service (Doc. 24) indicates an individual was served, Landstar states in the instant Motion that the individual served was Theresa Marshall, one of the owners of Got Your Back Pilot Cars, LLC ("Got Your Back"). However, also attached to the instant Motion is a letter from Ms. Marshall, which she refers to as "an answer to the third party summons and complaint." (Doc. 30, Ex. E). Counsel for Landstar attempted to inform Ms. Marshall that her letter was not a sufficient response, however, it appears Ms. Marshall does not understand she needs to file the answer with the Court. Accordingly, in an abundance of caution, the undersigned will once again deny the motion for default without prejudice.

Ms. Marshall is hereby notified that Got Your Back must file with the Court a response to the Third Party Complaint filed against it no later than **Wednesday, September 12, 2012**. Failure to do so will result in the entry of a default against Got Your Back. Ms. Marshall is also hereby notified that because Got Your Back is a corporation, it cannot appear pro se (without an attorney to represent it).

While a defendant has a statutory right to represent himself in all courts of the United States, 28 U.S.C. §1654, the Eleventh Circuit has stated that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp.,

764 F.2d 1381, 1385 (11th Cir. 1985).  Additionally, Local Rule 2.03(d) states that "[a] corporation may appear and be heard only through counsel admitted to practice in the Court . . ."  Thus, Got Your Back will need to obtain counsel to represent it or file a motion with this Court seeking to waive the requirements of Local Rule 2.03(d) and explaining why it is necessary that it represent itself and how it intends to do so.  Got Your Back shall have until **Wednesday, September 12, 2012** to hire counsel and file a notice of appearance or to file a motion as described above along with its response to the Third Party Complaint.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant/Third Party Plaintiff, Landstar Ranger, Inc.'s Amended Motion for Entry of Default against Third Party Defendant, Got Your Back Pilot Cars, LLC (Doc. 30) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of August, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Got UR Back Pilot Cars, LLC
c/o Theresa and Robert Marshall
115 Gordon Drive
Hedgesville, WV 25427