UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIREMAN'S FUND INSURANCE CO., et al,

    Plaintiffs,

vs.                                           Case No.  3:11-cv-1241-J-37MCR

LANDSTAR RANGER, INC.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant/Third Party Plaintiff's Motion to Strike Got Your Back's Amended Answer and Affirmative Defenses (Doc. 42) filed November 13, 2012.  Third Party Defendant, Got Your Back Pilot Car, filed its response in opposition to this Motion on November 21, 2012.  (Doc. 45).  Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

On December 19, 2011, Plaintiffs, Fireman's Fund Insurance Company and Environment Chemical Corporation, filed their Complaint against Defendant, Landstar Corporation ("Landstar"), alleging Defendant was liable to them in the amount of $91,500.00 due to damages sustained to a shipment of fuel tanks while in Defendant's custody.  (Doc. 1).  On February 16, 2012, Defendant answered and filed a Third-Party Complaint seeking damages, indemnity, and contribution against Kim's Flag Car and Got Your Back Pilot Car ("Got Your Back").  (Doc. 8).  On October 12, 2012, Got Your

Back filed its Answer and Affirmative Defenses (Doc. 37).  On November 2, 2012, Got Your Back filed an Amended Answer and Affirmative Defenses (Doc. 40).

Landstar now asks the Court to strike Got Your Back's First, Second, Fifth, Sixth, and Seventh affirmative defenses.  (Doc. 42).  Got Your Back responds that its defenses are sufficient and should not be stricken.  (Doc. 45).

## II.  ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts."  Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Board of Public Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)).  "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."  Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).

Finally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

As previously decided by this Court, the heightened pleading standard set forth in the Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), do not apply to affirmative defenses. See generally, Adams v. JP Morgan Chase Bank, N.A., No. 3:11-CV-337-J-37MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011). The Eleventh Circuit has repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the opposing party with notice of an affirmative defense that may be raised at trial. Jackson v. City of Centreville, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (citing Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) and Hewitt v. Mobile Research Technology, Inc., 285 F.App'x. 694, 696 (11th Cir. 2008)). Therefore, this court will review the affirmative defenses at issue to determine if they adequately put Landstar on notice of an affirmative defense that may be raised at trial.

### A.   Got Your Back's First Affirmative Defense

Got Your Back's first affirmative defense alleges Landstar failed to mitigate its damages. Landstar argues this defense is "not a valid affirmative defense as it does not plead a valid excuse or justification or a right to engage in the conduct in question, and should be stricken." (Doc. 42, p.4). Essentially, Landstar takes the position that Got Your Back had the same opportunity to mitigate the damages as Landstar. This is clearly an argument regarding the merits of the defense. A motion to strike is not the

appropriate vehicle for such arguments and the Court will not consider them at this time. As this defense provides Landstar with sufficient notice, the undersigned find it is appropriate and will not strike it. See Sembler Family Partnership No. 41, Ltd. v. Brinkler Florida, Inc., No. 8:08-cv-1212, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008) (defense stating that plaintiff's claim for damages is barred because plaintiff failed to undertake appropriate steps to mitigate its damages is sufficient to put plaintiff on notice).

### B.   Got Your Back's Second Affirmative Defense

The Second Affirmative Defense alleges Landstar's damages were caused in whole or in part by a third party. Landstar takes the position that it should be stricken because it is legally insufficient and immaterial. The Court does not agree. The defense sufficiently puts Landstar on notice and while Landstar may have arguments regarding the merits of the defense, Landstar has failed to show that it has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. As such, the Court will not strike it at this time.

### C.   Got Your Back's Fifth Affirmative Defense

The Fifth Affirmative Defense asserts Got Your Back is entitled to a credit or set-off for any money owed to Landstar. Landstar argues this defense fails to allege sufficient facts to give it fair notice of the nature of the defense. While Got Your Back certainly could have included more facts with respect to this defense, the undersigned believes it is sufficient to put Landstar on notice. Moreover, Landstar has failed to show that this defense can have no possible bearing on the subject matter of the suit or that it

will be prejudiced by inclusion of this defense.  Accordingly, Landstar's Motion to Strike this defense is denied.

### D.  Got Your Back's Sixth Affirmative Defense

The Sixth and Seventh Affirmative Defenses allege Landstar is estopped from asserting a claim for indemnity and has waived its right to assert a claim for indemnity. Landstar argues these defenses are redundant.  Specifically, Landstar believes these defenses, as well as the Third Affirmative Defense, all claim that the basis for Landstar's claims "stems from Landstar directing Got Your Back to send them a bill for services rendered." (Doc. 42, pp. 6-7).  As Got Your Back points out, the facts supporting each defense are the same, however, each defense alleges a distinct legal defense.  The Court agrees and will deny the request to strike these defenses.

### III.  CONCLUSION

The undersigned finds all of the affirmative defenses at issue are sufficient as a matter of law, do not confuse the issues, do not unnecessarily prejudice Landstar, are adequately related to the controversy, and are not so vague or ambiguous that Landstar has no notice of the defenses it will face.  As such, the Court will not strike them.  The Court is making no comment on the probable success on the merits of these defenses, but rather declines to grant such a drastic remedy at the present time.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant/Third Party Plaintiff's Motion to Strike Got Your Back's Amended Answer and Affirmative Defenses (Doc. 42) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of November, 2012.

/s/ Monte C. Richardson
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record