**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FIREMAN'S FUND INSURANCE
COMPANY a/s/o ENVIRONMENTAL
CHEMICAL and ENVIRONMENTAL
CHEMICAL CORP.,

        Plaintiffs,

vs.

LANDSTAR RANGER, INC.,

        Defendant.

LANDSTAR RANGER, INC.,

        Third-Party Plaintiff,

vs.

GOT YOUR BACK PILOT CARS, LLC
n/k/a GOT UR BACK PILOT CARS,
LLC; KIM'S FLAG CAR; and F&S
INSURANCE SERVICES, INC.,

        Third-Party Defendants.

Case No. 3:11-cv-1241-J-37MCR

**ORDER**

This cause is before the Court on the following:

1. Motion to Dismiss and Supporting Memorandum of Law of Third-Party Defendant, F&S Insurance Services, Inc. in Response to Third-Party Complaint by Landstar Ranger, Inc. (Doc. 56), filed February 4, 2013; and

2. Landstar Ranger, Inc.'s Response and Incorporated Memorandum of Law to F&S Insurance Services, Inc.'s Motion to Dismiss Counts VI and VII of Amended Third Party Complaint (Doc. 58), filed February 14, 2013.

Upon consideration, the Court hereby grants the motion to dismiss.

## BACKGROUND[1]

Third-Party Plaintiff Landstar Ranger, Inc. ("Landstar") alleges that Third-Party Defendant F&S Insurance Services, Inc. ("F&S") obtained insurance coverage for Got Ur Back, LLC ("Got Ur Back") pursuant to an agreement between Landstar and Got Ur Back that required Got Ur Back to obtain liability coverage for its provision of convoy escort services to Landstar. (Doc. 52, ¶ 71, 74.) Landstar alleges that F&S knew of the agreement and mailed to Landstar a Certificate of Liability Insurance that "purported to provide the coverage required under [the agreement between Landstar and Got Ur Back]." (*Id.* ¶¶ 73–75.) Landstar alleges that the insurance policy did not provide coverage for escort services, and that if it had known that this coverage was not provided, it would not have used Got Ur Back's escort services. (*Id.* ¶¶ 78–80.)

On or about September 11, 2009, Landstar used Got Ur Back's escort services to assist in the transportation of cargo. (*Id.* ¶ 83.) Landstar alleges that as a result of a Got Ur Back escort's erroneous representation that a Landstar driver could safely pass under a highway overpass, an accident occurred that caused damage to the cargo. (*Id.*) Landstar is being sued for that damage. (*Id.* ¶ 87.) Landstar brings third-party claims against F&S for, *inter alia*, both negligent and fraudulent misrepresentation.[2] (*Id.* ¶¶ 89–100.)

F&S moves to dismiss these claims. (Doc. 56.) Landstar opposes. (Doc. 58.)

---

[1] These factual allegations are taken from the Amended Third-Party Complaint (Doc. 52). *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

[2] The Court construes Landstar's "intentional misrepresentation" claim as one for fraudulent misrepresentation.

2

**STANDARDS**

Federal Rule of Civil Procedure 9(b) provides, "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." This standard applies to both fraudulent misrepresentation and negligent misrepresentation claims. *See Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir. 1993) ("Historically, in Florida an action for negligent misrepresentation sounds in fraud rather than negligence."). The Rule 9(b) standard is met if the complaint sets out:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (citation and internal quotation marks omitted).

**DISCUSSION**

Landstar fails to adequately plead facts in support of its fraudulent and negligent misrepresentation claims. Specifically, Landstar fails to plead "precisely what statements were made" and "the content of such statements." *Id.* Landstar alleges that F&S "mailed a Certificate of Liability Insurance, which purported to provide the coverage required under [the agreement between Landstar and F&S]." (Doc. 52, ¶ 75.) This statement tells neither the Court nor F&S what specific misrepresentation F&S allegedly made to Landstar. The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of," to "eliminate those complaints filed as a pretext for discovery of unknown wrongs," and to protect defendants from "unfounded charges of wrongdoing that injure their reputations."

3

*Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369 (M.D. Fla. 1999). The allegation that F&S "provided a Certificate of Liability Insurance . . . showing that Got Ur Back had obtained a General Commercial Insurance Coverage policy" (Doc. 52, ¶¶ 90, 96) does not specify what statements F&S actually made in order to allow F&S to adequately respond and to protect itself from a fishing expedition or unwarranted reputational damage.

Landstar further alleges that the "Certificate of Liability Insurance form listed various insurance coverages provided, but made no reference or indication that any coverages were omitted." (*Id.*, ¶ 77.) Even construed in the light most favorable to Landstar, this allegation suggests that F&S *did not* misrepresent that escort services were covered by the insurance policy if escort services were not enumerated as one of the insurance coverages provided. Because Landstar fails to allege precisely what statements were made by F&S, the fraudulent and negligent misrepresentation claims are due to be dismissed.

In an amended third-party complaint, Landstar should specify what affirmative misrepresentation F&S made regarding coverage of escort services. Alternatively, Landstar should allege the particular details of any communication between Landstar and F&S that would show that the provision of the Certificate of Liability Insurance involved a material omission.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss and Supporting Memorandum of Law of Third-Party Defendant, F&S Insurance Services, Inc. in Response to Third-Party Complaint by Landstar Ranger, Inc. (Doc. 56) is **GRANTED**.

2. Counts VI and VII of the Amended Third-Party Complaint (Doc. 52) are **DISMISSED WITHOUT PREJUDICE**.

3. Landstar may, on or before March 15, 2013, file a second amended third-party complaint consistent with this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on February 28, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record