**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FIREMAN'S FUND INSURANCE
COMPANY a/s/o ENVIRONMENTAL
CHEMICAL and ENVIRONMENTAL
CHEMICAL CORP.,

        Plaintiffs,

vs.

LANDSTAR RANGER, INC.,

        Defendant.

LANDSTAR RANGER, INC.,

        Third-Party Plaintiff,

vs.

GOT YOUR BACK PILOT CARS, LLC
n/k/a GOT UR BACK PILOT CARS,
LLC; KIM'S FLAG CAR; and F&S
INSURANCE SERVICES, INC.,

        Third-Party Defendants.

Case No. 3:11-cv-1241-J-37MCR

**ORDER**

This cause is before the Court on the following:

1. Motion to Dismiss and Supporting Memorandum of Law of Third-Party Defendant, F&S Insurance Services, Inc., in Response to Amended Third-Party Complaint by Landstar Ranger, Inc. (Doc. 64), construed as a motion for judgment on the pleadings, filed March 18, 2013;

2. F&S Insurance Services, Inc.'s Motion to Strike Attorney's Fees Demand (Doc. 66, pp. 6–7; Doc. 67), filed April 15, 2013; and

  3.  Landstar Ranger, Inc.'s Response and Incorporated Memorandum of Law to F&S Insurance Services, Inc.'s Motion to Dismiss Count V of Amended Third-Party Complaint (Doc. 68), filed April 22, 2013.

Upon consideration, the Court hereby grants the motion to dismiss.

## BACKGROUND

On December 27, 2012, Third-Party Plaintiff Landstar Ranger, Inc. ("Landstar") filed its Amended Third-Party Complaint. (Doc. 52.) Landstar brought three claims against Third-Party Defendant F&S Insurance Services, Inc. ("F&S"), two of which the Court dismissed (Doc. 63) on F&S's motion to dismiss (Doc. 56). The remaining claim, which was not challenged in that motion to dismiss, appears to allege that F&S negligently failed to procure insurance coverage for Third-Party Defendant Got Ur Back, LLC ("Got Ur Back") for the benefit of Landstar. (Doc. 52, ¶¶ 71, 74.) Landstar brings suit against F&S as an intended third-party beneficiary of that allegedly missing coverage. (*Id.* ¶ 88.) F&S now moves to dismiss this claim. (Doc. 64.)

Federal Rule of Civil Procedure 12(g)(2) prohibits a party from filing a second motion to dismiss when the defense raised in the second motion was available at the time that the first motion to dismiss was filed. However, Rule 12(h)(2) provides that a party may still raise the defense of failure to state a claim via a motion for judgment on the pleadings. The Court thus construed F&S's improper second motion to dismiss as a motion for judgment on the pleadings under Rule 12(c), and directed F&S to file an answer to Landstar's claim and Landstar to respond to the motion. (Doc. 65.) F&S answered. (Doc. 66.) Landstar responded. (Doc. 68.)

## STANDARDS

A motion for judgment on the pleadings is brought "[a]fter the pleadings are

closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute and the movant is entitled to judgment as a matter of law. *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996). The court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.*

## DISCUSSION

"Florida permits an insurance broker to be held liable to third parties when the broker is negligent in procuring coverage for a customer, which coverage, had it been in place, would have been available to pay a third party's claim against the customer. But before a third party may seek to recover against the insurance broker, the third party must first be successful in its action against the customer who did not have adequate insurance." *Commercial Ins. Consultants, Inc. v. Frenz Enters., Inc.*, 696 So. 2d 871, 872 (Fla. 5th DCA 1997). F&S argues that the Court must dismiss the third-party beneficiary claim because Landstar must first obtain a judgment against Got Ur Back before it can bring a claim against F&S. (Doc. 64, p. 4.) Landstar concedes that such a condition precedent must be met, but argues that the Court should stay the claim rather than dismiss it. (Doc. 68, pp. 2–3.)

Under Florida law, if a negligence claim is filed before the cause of action accrues, a defendant is permitted to move for a stay. *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001). However, a dismissal rather than a stay may be appropriate "depending upon the circumstances that give rise to the premature element of the claim." *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24 (Fla. 2d DCA 2003). "In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action." *Id.*

Alternatively, in an action that is premature "because one of its essential elements is contingent upon the occurrence of an event that may or may not occur," dismissal without prejudice is the better course of action. *Id.* at 25. This approach is reasonable, and district courts within this Circuit have followed *Shuck*'s reasoning. *See, e.g.*, *Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2013); *Penn-Am. Ins. Co. v. Edwards*, No. 3:09cv153/MCR/EMT, 2009 WL 1919353, at *3 (N.D. Fla. July 1, 2009). In this case, because the third-party beneficiary claim is contingent on Landstar obtaining a judgment against Got Ur Back—an event which may or may not occur—the Court hereby dismisses without prejudice Landstar's claim against F&S in Count V of the Amended Third-Party Complaint (Doc. 52). The Court therefore denies as moot F&S's motion to strike Landstar's attorney's fees demand (Doc. 66, pp. 6–7; Doc. 67).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss and Supporting Memorandum of Law of Third-Party Defendant, F&S Insurance Services, Inc., in Response to Amended Third-Party Complaint by Landstar Ranger, Inc. (Doc. 64), construed as a motion for judgment on the pleadings, is **GRANTED**.

2. Count V of Landstar's Amended Third-Party Complaint (Doc. 52) is **DISMISSED WITHOUT PREJUDICE**.

3. F&S Insurance Services, Inc.'s Motion to Strike Attorney's Fees Demand (Doc. 66, pp. 6–7; Doc. 67) is **DENIED AS MOOT**.

4. The Clerk is **DIRECTED** to terminate F&S Insurance Services, Inc. as a party to this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on May 9, 2013.

                                                    ROY B. DALTON JR.
                                                    United States District Judge

Copies:

Counsel of Record